CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
March 09, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
              DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ABDULLAH A. BADIE,** ) | |
|    Plaintiff, ) | Case No. 7:24-cv-00801 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **LARRY COLLINS, et al.,** ) | Senior United States District Judge |
|    Defendants. ) | |

## MEMORANDUM OPINION

Abdullah A. Badie, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and Title VI of the Civil Rights Act of 1964 (Title VI) against more than 20 individuals employed by the Virginia Department of Corrections (VDOC), including members of the correctional and medical staff at Red Onion State Prison (Red Onion). The case is presently before the court on a motion to dismiss filed by defendants Jermiah Fitz, Rose Durbin, David Robinson, A. Duncan, Rick White, K. Sykes, E. Creech, and H. Mullins, ECF No. 26, and a motion to dismiss filed by defendant Nurse Brock, ECF No. 41.[1] For the reasons set forth below, the motion to dismiss filed by Fitz and other defendants is **GRANTED IN PART AND DENIED IN PART**, and the motion to dismiss filed by Brock is **GRANTED**.

### I.    Background

The events giving rise to this action occurred at Red Onion in 2023 and 2024. For the sake of brevity, the court will not recite all of Badie's factual allegations here. Instead, the court will summarize the allegations relevant to the pending motions to dismiss.

---

[1] Other defendants filed an answer to the complaint on May 2, 2025. ECF No. 25.

Badie is a Sunni Muslim inmate. Compl., ECF No. 1, at 10. He claims that various prison officials violated his federal constitutional and statutory rights by confiscating his prayer scarf, denying him the opportunity to observe or participate in religious services, and retaliating against him for wearing his prayer scarf and religious hat. Id. at 8–11. Badie also claims that he has been denied access to a diet that complies with his religious beliefs and that defendant H. Mullins wrongfully confiscated several religious items that he ordered from Amazon, including religious hats, a prayer rug, and prayer beads. Id. at 13–14; see also Compl. Ex. 18, ECF No. 1-1 at 81.

Badie must pray five times a day to comply with the requirements of his religion. Compl. at 10. When doing so, Badie puts a sign in his cell window that says "Praying. I'm not refusing anything." Id. While he was engaging in his afternoon prayer on December 22, 2023, Nurse Brock delivered medications to inmates in Badie's housing unit. Id.; see also Compl. Ex. 12, ECF No. 1-1 at 45. Despite having posted the sign in his window, Brock did not wait for him to finish praying or return with his "psych and regular" medications. Compl. at 10. Badie then informed other defendants that he still needed his medications, but they failed to make sure that he received them that day. Id. at 10–11.

Although Fitz and Durbin are included in the list of defendants identified by Badie, their names and titles are crossed out with a pen or pencil, and the complaint includes no factual allegations as to them. Id. at 4. Badie alleges that Robinson, a VDOC administrator, changed a VDOC policy in December 2020 to allow "all inmates" to wear religious head coverings inside correctional facilities. Id. at 11. Badie alleges that, despite the policy change,

2

other prison officials have denied him access to medical services and out-of-cell activities for wanting to wear his religious hat and prayer scarf. Id.

Badie alleges that defendants Sykes and Duncan are "both in charge of programs and/or housing" and would have had "actual knowledge of all act[s] that were actively going on" through complaints from Badie and other inmates. Id. at 15. Badie further alleges that he had "personal conversations" with defendants Sykes and Creech "regarding the retaliation [and] religious discrimination" and that they "chose to uphold the 'code of silence' amongst employees." Id. at 7. Badie similarly alleges that defendants White and Duncan reviewed or responded to grievances complaining of "similar conduct" and that "they chose to uphold the code of silence." Id.

Based on these and other allegations, Badie filed this action under 42 U.S.C. § 1983, RLUIPA, and Title VI. Badie also asserts claims under state tort law. He seeks both monetary damages and injunctive relief. Id. at 18–20. The defendants are sued in their individual and official capacities. Id. at 6.

Fitz, Durbin, Robinson, Duncan, White, Sykes, Creech, H. Mullins, and Brock have moved to dismiss certain claims under Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 26 and 41. Badie has responded to the motions, ECF Nos. 36 and 44, and the motions are ripe for review. In response to the motion filed by Fitz and seven other defendants, Badie indicates that he only opposes the motion with respect to the argument made on behalf of H. Mullins. ECF No. 36 at 1.

## II.    Standard of Review

Rule 12(b)(6) permits defendants to seek dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Pro se litigants still must allege sufficient facts to state a plausible claim for relief. Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016).

### III.   Discussion

**A.   Motion to Dismiss Filed by Fitz, Durbin, Robinson, Duncan, White, Sykes, Creech, and H. Mullins**

**1.   Fitz and Durbin**

As noted above, Fitz and Durbin are referenced solely in the list of parties included in the complaint, and their names and titles are marked out. Fitz and Durbin are not mentioned in the "Summary of Claims" or the section titled "Actions and Omissions of Defendants."

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (internal quotation marks and alterations omitted).

4

Although "the pleading standard Rule 8 announces does not require 'detailed factual obligations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). A complaint that "tenders naked assertions devoid of further factual enhancement" does not suffice. Id. (internal quotation marks and alterations omitted).

The court agrees with the defendants that the complaint fails to provide fair notice of any claim against Fitz and Durbin or the grounds upon which such claim rests. It appears that Badie may have intended to remove Fitz and Durbin as defendants given that their names and titles are crossed out. In any event, merely listing Fitz and Durbin as defendants does not satisfy the pleading requirements of Rule 8. See Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Accordingly, any claim against Fitz or Durbin will be dismissed without prejudice.

## 2. Robinson

For similar reasons, the court will dismiss any claim against Robinson without prejudice. Robinson is not mentioned in the section titled "Actions and Omissions of Defendants" in which Badie asserts specific claims. Nor does Badie allege that Robinson was involved in any of the challenged actions or decisions. Instead, Badie indicates that Robinson changed a policy more than five years ago to allow "all inmates" to wear religious head coverings, and he alleges that other defendants have taken actions in violation of the amended

5

policy. Compl. at 11. Because it is unclear why Robinson is named as a defendant, and since the complaint does not include any allegations from which the court could reasonably infer that Robinson is liable for the misconduct alleged, any claim against Robinson will be dismissed without prejudice.

### 3. Duncan, Sykes, White, and Creech

Defendants Duncan, Sykes, White, and Creech have moved to dismiss any federal constitutional or statutory claim asserted against them in their individual capacities.[2] See Br. Supp. Mot. Dismiss, ECF No. 27 at 1, 6. Badie has not opposed this portion of the defendants' motion to dismiss, and the court agrees that the complaint fails to state a plausible federal constitutional or statutory claim against Duncan, Sykes, White, and Creech in their individual capacities.

As an initial matter, Title VI of the Civil Rights Act of 1964 prohibits discrimination "on the ground of race, color, or national origin." 42 U.S.C. § 2000d. "Title VI does not authorize claims for religious discrimination." Bhombal v. Irving Indep. Sch. Dist., 809 F. App'x 233, 237 (5th Cir. 2020); see also Beaulieu v. Ashford Univ., 529 F. Supp. 3d 834, 850 (N.D. Ill. 2021) ("[R]eligious discrimination is not covered by Title VI."). Because the complaint makes no mention of discrimination on the basis of race, color, or national origin, it fails to state a claim under Title VI.[3]

---

[2] The motion to dismiss filed on behalf of Duncan, Sykes, White, and Creech seeks dismissal of "some of the claims against them," ECF No. 26, and the supporting memorandum does not address any claims for injunctive relief asserted against them in their official capacities under § 1983 or RLUIPA, or any claims asserted against them in their individual capacities under state tort law. Consequently, those claims remain pending at this time.

[3] The court also notes that "[a] plaintiff may only assert Title VI claims against [an] entity receiving [federal] financial assistance." Foster v. Michigan, 573 F. App'x 377, 390 (6th Cir. 2014) (internal quotation

Badie has also failed to state a federal constitutional claim under § 1983 against Duncan, Sykes, White, or Creech in their individual or personal capacities. "To establish personal liability under § 1983, . . . the plaintiff must affirmatively show that the official charged acted personally in the deprivation of the plaintiff's rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (internal quotation marks and alterations omitted). As the Supreme Court explained in Iqbal, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677; see also id. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). An official's "'mere knowledge' that his subordinates [or other employees] are engaged in unconstitutional conduct is not enough" to provide a basis for individual or personal liability under § 1983. King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (quoting Iqbal, 556 U.S. at 677); see also Owens v. Evans, 878 F.3d 559, 563 (7th Cir. 2017) (explaining that "[p]rison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance"); George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (rejecting the argument that "anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself"). Because Badie does not set forth facts sufficient to establish that Duncan, Sykes, White, or Creech was personally involved in the alleged violations of his constitutional rights, he fails to state a § 1983 claim against these defendants in their individual or personal capacities.

---

marks and alterations omitted). Individual employees of such entities cannot be held liable under Title VI. See Shotz v. City of Plantation, 344 F.3d 1161, 1171 (11th Cir. 2003) ("It is beyond question . . . that individuals are not liable under Title VI.").

7

For similar reasons, to the extent Badie seeks to hold Duncan, Sykes, White, and Creech personally liable for alleged violations of RLUIPA, such claims will be dismissed without prejudice. See Yaacov v. Mohr, No. 22-3294, 2022 U.S. App. LEXIS 27060, at *4 (6th Cir. Sept. 27, 2022) ("[T]o establish a defendant's liability under § 1983 and RLUIPA, a plaintiff must establish personal involvement."); McLin v. Va. Dep't of Corr., No. 7:19-cv-00247, 2020 U.S. Dist. LEXIS 13878, at *6 (W.D. Va. Jan. 28, 2020) ("[I]n order to establish liability under RLUIPA . . . a plaintiff must prove, among other things, the personal involvement of each defendant in the alleged violation.").

### 4. Defendant H. Mullins

The defendants have moved to dismiss any claim against defendant H. Mullins on the grounds that more than one VDOC employee with the last name of Mullins is named as a defendant and the complaint does not identify what conduct was specifically committed by H. Mullins. Badie has opposed this portion of the motion to dismiss, emphasizing that H. Mullins was responsible for the decision to confiscate the religious items ordered through Amazon. He cites to the specific page of the complaint that references a notice of confiscation signed by defendant Mullins, and the notice of confiscation is attached to the complaint as Exhibit 18. The notice indicates that it was signed by "H. Mullins" as the "Confiscating Staff Member." ECF No. 1-1 at 81. Because the complaint provides fair notice of the grounds upon which the claims against H. Mullins rest, the motion to dismiss filed on behalf of Mullins will be denied with respect to this argument.

### 5. Claims Against Defendants in Their Official Capacities

8

Actions against state officials in their official capacities are "treated as suits against the State" and therefore implicate the Eleventh Amendment. Hafer v. Melo, 502 U.S. 21, 25 (1991). As relevant here, the Eleventh Amendment bars suits against state officials in their official capacities for damages under 42 U.S.C. § 1983 and RLUIPA. Lawson v. Gault, 828 F.3d 239, 278 (4th Cir. 2016) (§ 1983); Sossamon v. Texas, 563 U.S. 277, 288 (2011) (RLUIPA). It also bars any claim under state law asserted against the defendants in their official capacities, regardless of the relief sought. Equity in Ath., Inc. v. Dep't of Educ., 639 F.3d 91, 107 (4th Cir. 2011); see also Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 520-21 (6th Cir. 2007) ("The Supreme Court has squarely held that pendent state law claims against state officials in their official capacity are barred by the Eleventh Amendment.") (citing Pennhurst State Sch. v. Halderman, 465 U.S. 89, 117-21 (1984)). Accordingly, any claim for damages under § 1983 or RLUIPA must be dismissed without prejudice, as must any state tort claim against the defendants in their official capacities.

### 6. Remaining Claims

Defendants Duncan, Sykes, White, and Creech have not addressed Badie's claims for injunctive relief against them in their official capacities, which include requests for prospective relief to address alleged ongoing violations of his rights under the First Amendment and RLUIPA. See Bragg v. W. Va. Coal Ass'n, 248 F.3d 275, 292 (4th Cir. 2001) ("[T]he Eleventh Amendment does not preclude private individuals from bringing suit against State officials for prospective injunctive or declaratory relief designed to remedy ongoing violations of federal law.") (citing Ex parte Young, 209 U.S. 123 (1908)); Luckey v. Harris, 860 F.2d 102, 1015 (11th Cir. 1988) ("Personal action by defendants individually is not a necessary condition of

9

injunctive relief against state officers in their official capacity."); Doe v. Citadel, No. 2:21-cv-04198, 2022 WL 2806473, at *4 (D.S.C. July 18, 2022) (noting that "[t]he Ex parte Young standard is a different standard than the personal involvement test applied in cases concerned with liability for money damages") (internal quotation marks and alterations omitted). Nor have they addressed any state tort claims asserted against them in their individual capacities. If these defendants wish to file a dispositive motion regarding such claims, they must do so within 60 days.[4]

**B.     Motion to Dismiss Filed by Brock**

Badie's complaint describes a single incident involving Nurse Brock. He alleges that he did not receive his medications on December 22, 2023, while he was engaging in afternoon prayer, and that Brock did not return with his medications even though he had a sign on his door indicating that he was praying and "not refusing anything." Compl. at 10. In his response to Brock's motion to dismiss, Badie describes the same incident and claims that Brock violated his rights under the Eighth Amendment and RLUIPA. For the following reasons, however, the court concludes that his allegations against Brock fail to state a claim under either provision.

**1.     Eighth Amendment**

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. "'A prison official's deliberate indifference to an inmate's serious medical needs' violates that provision." Phoenix v. Amonette, 95 F.4th 852, 859 (4th Cir. 2024) (quoting

---

[4] By separate order, the defendants who filed an answer to the complaint, rather than a motion to dismiss, will be directed to file any motion for summary judgment within 60 days.

Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)). To state a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy an objective element and a subjective element. Id. "The objective element requires an objectively serious medical condition." Short v. Hartman, 87 F.4th 593, 612 (4th Cir. 2023) (internal quotation marks omitted). A condition is sufficiently serious if it is diagnosed by a physician as requiring treatment or is so obvious that even a lay person would easily recognize the need for medical attention. Id. To satisfy the subjective element, a plaintiff must plead facts supporting the inference that the defendant "had actual subjective knowledge of both the [plaintiff's] serious medical condition and the excessive risk posed by the [defendant's] action or inaction." Jackson, 775 F.3d at 178. "An official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively 'knows and disregards an excessive risk to inmate health or safety.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "That is a higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." Id.

Having reviewed the complaint, the court concludes that Badie's allegations of not receiving his medications on one occasion do not support a plausible inference of deliberate indifference. Although "[i]ntentionally interfering with . . . prescribed treatment in the face of a substantial risk to an inmate's health or safety may constitute deliberate indifference . . . , an occasional missed dose of medicine, without more, does not violate the Eighth Amendment." West v. Millen, 79 F. App'x 190, 194 (7th Cir. 2003) (citing Zentmyer v. Kendall Cnty., 220 F.3d 805, 812 (7th Cir. 2000)); see also Stockwell v. Kanan, 442 F. App'x 911, 914 (5th Cir.

11

2011) (same); Burton v. Downey, 805 F.3d 776, 785 (7th Cir. 2015) (concluding a that two-day delay in receiving medication was "not enough, standing alone," to constitute deliberate indifference). Here, Badie describes a single occasion on which he did not receive his prescribed medications. He does not allege that he suffered any adverse effects from missing a single dose of medication, that the delay in receiving his medications "put him at a substantial risk of serious harm," Moskos v. Hardee, 24 F.4th 289, 298 (4th Cir. 2022) (internal quotation marks omitted), or that Brock was aware of such risk. Consequently, his allegations against Brock fail to meet the "exacting standard" of deliberate indifference. Jackson, 775 F.3d at 178.

### 2. **RLUIPA**

RLUIPA "prohibits a state or local government from taking any action that substantially burdens the religious exercise of an institutionalized person unless the government demonstrates that the action constitutes the least restrictive means of furthering a compelling governmental interest." Holt v. Hobbs, 574 U.S. 352, 356 (2015) (citing 42 U.S.C. § 2000cc et seq.). To state a claim under RLUIPA, an inmate must plead facts from which the court could reasonably infer that a prison official "imposed a substantial burden on [his] religious exercise." Wright v. Lassiter, 921 F.3d 413, 418 (4th Cir. 2019); see also Firewalker-Fields v. Lee, 58 F.4th 104, 114 (4th Cir. 2023) (explaining that a substantial burden "either puts pressure on a person to change his religious beliefs or puts that person to a choice between abandoning his religion or following his beliefs and losing some government benefit"). Moreover, while "RLUIPA at least reaches intentional conduct," mere negligence "does not suffice" to establish a violation. Lovelace v. Lee, 472 F.3d 174, 194–95 (4th Cir. 2006).

Here, as indicated above, Badie describes a single incident in 2023 in which he did not receive his medications while he was engaging in afternoon prayer. He does not plausibly allege that this isolated occurrence substantially burdened his ability to practice his religion. See, e.g., Camacho v. Shields, 368 F. App'x 834, 835 (9th Cir 2010) (affirming the dismissal of a claim for violation of religious rights based on interruptions of an inmate's prayers on one occasion) (citing Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998)); Boughton v. GEO Grp. Inc., 1:20-cv-00938, 2023 WL 1928628, at *16 n.15 (E.D. Va. Feb. 9, 2023) (emphasizing that "federal courts have repeatedly held that . . . isolated events involving a denial of religiously-mandated food do not give rise to First Amendment or RLUIPA claims"). Consequently, any RLUIPA claim against Nurse Brock must be dismissed.

### IV.    Conclusion

For the reasons stated, the motion to dismiss filed by Jermiah Fitz and seven other defendants, ECF No. 26, is **GRANTED IN PART AND DENIED IN PART**, and the motion to dismiss filed by Nurse Brock, ECF No. 41, is **GRANTED**. An appropriate order will be entered.

Entered: March 9, 2026

Michael F. Urbanski
U.S. District Judge
2026.03.09
12:26:48 -04'00'

Michael F. Urbanski
Senior United States District Judge

13